is vested exclusively in the syndicate manager, with whom it shall be optional "to proceed to collect said amount due hereunder by the party or parties in default and deprive the party so in default of the right of any participation whatever in this agreement or in the benefits to be derived therefrom." When a promissory note payable to A. is delivered, the sole right of enforcement is vested in him. But that fact does not divest him of the right to assign nor prevent enforcement by the assignee. Those clauses of the contract may relate to the right to enforce payment of the 25 per cent., for that payment only was to be made to him. It may relate to the enforcement of the subscribers' contract as among themselves. But it cannot be construed to nullify the assignment of the contract, for such construction would defeat almost the entire purpose of the transaction.

[3] The letters "A" and "B" standing at the head of the two exhibits annexed to the complaint might have been dispensed with. They were clearly identified by the allegations of the complaint. The letters, therefore, were immaterial, and their transposition could not be misleading. To condemn a pleading for such a harmless variance would violate the spirit of the Code.

[4] Nor is the point well taken that defendant did not subscribe for the stock, because he did not pay 10 per cent. at the time of the subscription. Questions between the corporation and its stockholders are not at issue. And, besides, those 1,200 shares were "treasury stock," which implies that they had already been regularly issued and found their way into ownership by the corporation as one of its own stockholders.

[5] Finally, defendant argues that the contracts are not a part of the complaint, and therefore there is no allegation of a cause of action. The following authorities seem to be opposed to that contention: Jones v. Gould, 123 App. Div. 236, 108 N. Y. Supp. 31, Spence v. Woods, 134 App. Div. 182, 118 N. Y. Supp. 807, and Nat. Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1.

I conclude that plaintiff is the real party in interest, and that the demurrer should be overruled, with leave to defendant to withdraw the demurrer and plead over on the usual terms.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, DOWLING, and HOTCHKISS, JJ.

S. P. Anderton, of New York City, for appellant.
W. B. Brice, of New York City, for appellee.

PER CURIAM. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs, on the opinion of Hendrick, J.

Order filed.

---

(80 Misc. Rep. 638.)

FAGAN v. RAYMOND MFG. CO.

(Supreme Court, Appellate Term, First Department. May 22, 1913.)

COURTS (§ 188*)—INFERIOR COURTS—CITY COURT OF NEW YORK—JURISDICTION —WARRANT OF ATTACHMENT.

Under Code Civ. Proc. § 682, authorizing applications to vacate or modify a warrant of attachment after property has been attached, the City Court of New York, issuing a warrant of attachment for a sum over $4,000 as demanded by the complaint, must reduce the amount of the warrant to $2,000, with interest and costs, the extent of its jurisdiction, and limit the liability of the sureties to that sum; but it cannot vacate the warrant for want of jurisdiction to issue it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by James C. Fagan against the Raymond Manufacturing Company. From an order of a justice of the City Court of New York, vacating a warrant of attachment for that, as both the complaint and the warrant were for over $4,000, the court was without jurisdiction, plaintiff appeals. Reversed, and warrant of attachment modified.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

McCabe, Davis & Kernan, of New York City (Ambrose F. McCabe and John H. Jackson, both of New York City, of counsel), for appellant.

A. S. Gilbert, of New York City (Francis Gilbert, of New York City, of counsel), for respondent.

BIJUR, J.    I find nothing in the recently decided case of Lewkowicz v. Queen Aëroplane Co., 154 App. Div. 142, 138 N. Y. Supp. 983, affirmed 207 N. Y. 290, 100 N. E. 796, to justify the view that the court had no jurisdiction to issue the warrant. The amount should, however, be reduced to $2,000. Code Civ. Proc. § 682; Guarantee Co. v. Moore, 35 App. Div. 421, 425, 54 N. Y. Supp. 787.

The order should be reversed, and the warrant of attachment modified, by reducing the amount thereof to $2,000, with interest and costs, and the liability of the surety on the undertaking given to discharge the attachment limited to $2,000, with interest and costs, with $10 costs and disbursements of the appeal to the appellant. All concur.